UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | No.20-CV-3039 |
| | ) | |
| vs. | ) | |
| | ) | |
| LT. TODD SEXTON, | ) | |
| BRENT KEELE, and | ) | Jury Demand |
| BEATRICE CALHOUN, and other | ) | |
| currently unknown employees of the Illinois | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, JANE DOE, through her attorneys, MEYER & KISS, LLC, complains of the Defendants as follows:

### NATURE OF THE CASE

1. Plaintiff JANE DOE was sexually assaulted at Logan Correctional Center, a woman's prison, by another inmate. The transgender inmate who assaulted JANE DOE identifies as female, but still has male genitalia. The inmate was transferred from a men's prison to Logan Correctional Center after a lawsuit was filed seeking the transfer. Shortly after arriving at Logan, the inmate raped Plaintiff.

2. In an attempt to cover-up the sexual assault, Defendants TODD SEXTON ("Defendant SEXTON"), BRENT KEELE ("Defendant KEELE"), BEATRICE CALHOUN ("Defendant CALHOUN") and others conducted a sham investigation and concluded that the sexual contact between JANE DOE and the other inmate was consensual, and therefore not a violation of the Prison Rape Elimination Act ("PREA"). JANE DOE was then punished for making the PREA complaint and transferred to a new facility.

3. Before Plaintiff's assailant was transferred to Logan, numerous Illinois Department of Corrections ("IDOC") employees, including correctional officers at Logan Correctional Center,

posted comments on Facebook mocking transgender inmates and expressing concerns about what could happen if transgender inmates were reassigned to women's prisons.

## JURISDICTION AND VENUE

4. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this case arises under the Eighth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

5. Venue is appropriate in the Central District of Illinois pursuant to 28 U.S.C. § 1391(b), as the events complained of occurred exclusively in this district.

### Plaintiff

6. Plaintiff JANE DOE is a citizen of the United States. At all times relevant herein, she was housed at Logan Correctional Center, in the County of Logan in the State of Illinois.

### Defendants

7. Defendant CALHOUN was, at the time of the occurrence alleged herein, the Acting Warden of Logan Correctional Center ("Logan"). Her powers and responsibilities as Warden included, without limitation, responsibility for promulgating and/or enforcing rules, regulations, and procedures to ensure the safety and security of those in her custody, including Plaintiff. As Warden, Defendant CALHOUN was responsible for preventing staff on inmate violence, such as sexual assaults by guards and employees. She was also responsible for preventing sexual assaults by inmates on other inmates. Here duties included making sure that Logan was in compliance with the Prison Rape Elimination Act ("PREA").

8. Defendant KEELE was, at the time of the occurrence alleged herein, a correctional officer employed by the IDOC. At the time of the incident, Defendant KEELE reviewed JANE DOE's grievance and concluded her PREA claim was unfounded and that she deserved a Major Infraction for making the PREA report.

9. Defendant SEXTON was a supervisory officer at Logan and a member of Logan's Internal Affairs Department ("IA") at the time of the incident. Defendant SEXTON is in charge of investigating misconduct at Logan. Defendant SEXTON conducted an interview with JANE DOE and pressured her to withdraw her sexual assault allegations against the transgender assailant and falsely characterize the contact as consensual.

10. All Defendants were, at the time of the occurrence alleged herein, employees of the IDOC at Logan in Illinois. They engaged in the conduct complained of in the course of their employment with the IDOC and while they were on duty. They are sued in their individual capacities.

11. At all times material to this complaint, Defendants were acting under color of state law, ordinance, and/or regulation.

### Facts Common to All Counts

12. On June 18, 2019, Plaintiff was an inmate at Logan Correctional Center.

13. A transgender inmate that had transferred to Logan Correctional Center from Pontiac Correctional Center was moved to Plaintiff's housing unit.

14. The inmate immediately began to express an interest in Plaintiff.

15. Plaintiff was terrified of this inmate as the inmate was much bigger and stronger than Plaintiff. Plaintiff had also heard that this inmate had assaulted prior cellmates and had been convicted of murder.

16. On June 18, 2019, the inmate sexually assaulted Plaintiff.

17. Other inmates in the housing unit began to talk about Plaintiff's assault.

18. The next day, Plaintiff was taken to the Health Care Unit ("HCU"). While in the HCU officers from Internal Affairs arrived to interview Plaintiff.

19. Plaintiff informed them what occurred.

20. Plaintiff was then taken to an outside hospital for a "rape kit" collection.

21. On June 20, 2019, Plaintiff was interviewed by Defendant SEXTON.

22. Defendant SEXTON told Plaintiff that he did not believe her and he pressured Plaintiff to say there was no sexual assault.

23. Plaintiff was coerced into providing this statement to Defendant SEXTON.

24. Plaintiff filed a grievance regarding Defendant SEXTON's interview.

25. On June 22, 2019, Plaintiff was transferred to Decatur Correctional Center.

26. On August 6, 2019, Defendant CALHOUN sent a memorandum to Plaintiff stating that her PREA complaint was unfounded. Plaintiff grieved that finding.

27. On August 8, 2019, Defendant KEELE found that Plaintiff committed a Major Infraction for filing a "false" PREA complaint. Plaintiff grieved that finding and decision.

28. Plaintiff was given two months of C Grade as punishment. As a result, Plaintiff lost her phone privileges, was limited in her commissary purchases, and was not allowed to attend the gym. She was also made ineligible for boot camp. After the two months of C Grade ended , she was classified as B Grade. While on B Grade status, her phone calls and commissary purchases were limited. Prior to her punishment, Plaintiff was A Grade.

29. On October 9, 2019, Plaintiff received a response from IDOC regarding her grievances. IDOC indicated that "per Logan I.A., PREA investigation was unfounded. No further action at this level will be taken."

30. Plaintiff has exhausted her administrative remedies.

31. On information and belief, Plaintiff's transfer and discipline was carried out by Defendants SEXTON, CALHOUN, KEELER and currently other unknown IDOC employees in retaliation for Plaintiff's PREA complaint against the transgender inmate, with the knowledge that it would be harmful to Plaintiff. The transfer of transgender inmates from male to female prisons has been a contentious policy within IDOC. In an attempt to justify the transfers, Defendants SEXTON, CALHOUN, KEELER and currently other unknown IDOC employees covered up the sexual assault of Plaintiff and tried to falsely classify it as consensual, to keep it from being considered a PREA violation.

32. As a result of the Defendants' wrongful acts described herein, Plaintiff suffered and continues to suffer physical and psychological injuries, pain, severe mental distress, anguish, and humiliation.

## COUNT I
## FIRST AMENDMENT RETALIATION

33. Plaintiff realleges paragraphs 1 through 32 as if they were set forth in full in this count.

34. In the manner described more fully above, Defendants SEXTON, CALHOUN, KEELER and currently other unknown IDOC employees retaliated against Plaintiff for engaging in protected First Amendment activity when she spoke about her sexual assault by the transgender inmate.

35. The misconduct described in this count was objectively unreasonable and was

undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights, and not for any legitimate penological purpose.

36. As a result of Defendants SEXTON, CALHOUN, KEELER and currently other unknown IDOC employees' retaliatory actions, Plaintiff suffered harm.

WHEREFORE, Plaintiff requests that the Court enter a judgment in favor of Plaintiff and against Defendants SEXTON, CALHOUN, and KEELER, for actual or compensatory damages. Additionally, because Defendants SEXTON, CALHOUN, and KEELER acted maliciously, willfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutional rights, Plaintiff requests that the Court award her punitive damages from Defendants SEXTON, CALHOUN, and KEELER Plaintiff also requests that the Court award her costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and whatever additional relief this Court deems equitable and just.

        Respectfully submitted,

        /s/ Louis J. Meyer
        *Counsel for the Plaintiff*

Louis J. Meyer
Daniel P. Kiss
Meyer & Kiss, LLC
311 West Stratford Drive
Peoria, Illinois 61614
p. 309.713.3751
e. louismeyer@meyerkiss.com